**RELIANCE NATIONAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**GREAT LAKES AVIATION, LTD., d/b/a United Express, a corporation; Air Wisconsin, Inc., a corporation; United Airlines, Inc., a corporation; Raytheon Aircraft Company, a corporation; City of Quincy, Illinois, a municipal corporation; Arny Berger, as Personal Representative of the Estate of Jason Berger, Deceased; Patricia A. Beville, as Personal Representative of the Estate of James Beville, Deceased; Ketura Brueck, as Personal Representative of the Estate of Michael James Brueck, Deceased; Vicki L. Carlson, as Personal Representative of the Estate of Leonard C. Carl-**

---

son, Deceased; Deborah A. Desalle, as Personal Representative of the Estate of Mark DeSalle, Deceased; Patricia Downing, as Personal Representative of the Estate of Larry Downing, Deceased; Jeff Gathje, as Special Administrator of the Estate of Katherine Gathje, Deceased; Darl Heffelbower, as Personal Representative of the Estate of Deborah D. Heffelbower, Deceased; Luann Johnson, as Personal Representative of the Estate of William Johnson, Deceased; Sandra McCombs, as Personal Representative of the Estate of Darrin McCombs, Deceased; Kathleen Reed, as Personal Representative of the Estate of Dennis Reed, Deceased; Kristen M. Fries, as Personal Representative of the Estate of Edward Schneggenburger, Deceased; Joan M. Reinwald, as Personal Representative of the Estate of Neal Reinwald, Deceased; Rita Winkelmann, as Personal Representative of the Estate of Laura Brooks, Deceased; Robert A. Clarkson; and Harvey L. Imber, Defendants.

No. 97–3289.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 21, 2004.

C. Kevin McCabe, Chicago, IL, Thomas J. Strueber, Lord, Bissell & Brook, LLP, Atlanta, GA, for Plaintiff.

John W. Adler, Michael G. McQuillen, Peter V. Bustamante, Adler, Murphy & McQuillen, Chicago, IL, Richard E. Boyle, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, IL, John Scott Hoff, Brandt R. Madsen, Chicago, IL, David C. Cook, Kreindler & Kreindler, New York City, James G. Goggin, Verrill & Dana, Portland, ME, David J. Kupets, Kupets & Decaro, David E. Rapoport, Paul D. Richter, Rapoport Law Office, PC, Chicago, IL, Edward J. Cunningham, Brown, Hay & Stephens, Springfield, IL, Erick John Bolinder, Burroughs, Hepler, Broom, Mac-

Donald, Hebrank & True, Edwardsville, IL, Matthew H. Willens, Clifford Law Offices, PC, Albert J. Salvi, Daniel J. Sugrue, David H. Harris, Al Salvi & Associates, Waukegan, IL, D. Keith Henson, Paule, Camazine & Blumenthal, St. Louis, MO, Michael J. Bedesky, Reed, Armstrong, Gorman, Mudge & Morrissey, PC, Edwardsville, IL, for Defendants.

## OPINION

RICHARD MILLS, District Judge.

An interpleader action.[1]

This matter is before the Court regarding the allocation of funds. The Court duly held a hearing on the petitions for allocation on July 21, 2004. Pending before the Court are the following motions:

(1) the petition of Defendants Great Lakes Aviation, Ltd. and Raytheon Aircraft Company for an apportionment of the interpleader funds;

(2) the petition of Defendants Arny Berger, Patricia A. Beville, Ketura Brueck, Vicki L. Carlson, Deborah A. DeSalle, Patricia Downing, Darl Heffelbower, Louanne Johnson, Kathleen Reed, and Kristen M. Fries ("the Passenger Defendants")[2] to allocate the interpleader funds for the exclusive benefit of the Passenger Defendants; and

(3) the petition of Defendant Sandra McCombs to allocate the interpleader funds.

## I. BACKGROUND

On November 19, 1996, a Beech King Air aircraft and a Beech 1900C aircraft, operating as United Express Flight 5925/5926, collided on the runway at Quincy–Baldwin Field, an airport in Quincy, Illinois. The collision resulted in the deaths of both individuals on the Beech King Air aircraft and all twelve individuals on the Beech 1900C aircraft.

On October 7, 1998, pursuant to a previous Order, Plaintiff Reliance National Insurance Company forwarded to the Clerk of this Court the sum of $1,000,000, which was invested in an insured, interest bearing strategic business savings account at First of America Bank, N.A.[3] Reliance had previously issued a liability insurance policy on the Beech King Air aircraft, wherein its owners, Robert Clarkson and Harvey Imber, were named as insureds. Previously, the Court determined that the instant interpleader action filed by Reliance was properly filed and that the Court has jurisdiction over the parties and the subject matter. Among the Defendants named in this interpleader action were: (1) the estates of the passengers on the United flight; (2) Clarkson and Imber; (3) Great Lakes;[4] (4) the City of Quincy, Illinois; (5) Raytheon Aircraft Company;[5] and (6) the estates of the pilots of each aircraft. The Court previously determined that the applicable limit of liability under the Reliance policy is $1,000,000. In an Order dated September 10, 1998, the Court concluded that upon its compliance

1. Because the amount in controversy exceeds $500, and at least two of the adverse claimants to the interpleader funds are of diverse citizenship, the Court previously determined that the jurisdictional requirements of the interpleader statute have been met. *See* 28 U.S.C. § 1335.

2. These Defendants are the personal representatives of the estates of the ten passengers on the Beech 1900C aircraft.

3. First of America is now known as National City Bank.

4. The United Express flight was operated by Great Lakes Aviation.

5. Raytheon manufactured the Beech 1900C aircraft.

with the previous Order to deposit $1,000,000, Reliance would be discharged from all further liability and from all further obligation to indemnify or defend any Defendant(s) under the aircraft hull and liability policy number NAB 2750561. On December 15, 1998, following its deposit of $1,000,000, Reliance National Insurance Company was dismissed from this action.[6]

The funds were to be held in the account at First of America pending further direction from the Court. Several underlying state court actions have delayed resolution of this action. On June 3, 2003, United States Magistrate Judge Byron G. Cudmore directed the parties to file supplemental status reports by August 1, 2003. Several of the parties then filed status reports, motions, and/or responses to other parties' status reports. On July 21, 2004, the Court held a hearing on the petitions for allocation.

## II. THE PARTIES' CLAIMS

In a previous Order, the Court identified those parties which were claiming all or any portion of the interpleader funds. The Court directed any party claiming a portion of the funds to appear at the July 21 hearing. The following parties were represented at the hearing: (1) Great Lakes; (2) Raytheon; (3) the ten Passenger Defendants; and (4) Rita Winkelmann, the personal representative of the estate of Laura Brooks.[7] The interests of Great Lakes and Raytheon are similar. Great Lakes and Raytheon informed the Court that any award would be divided between them on a pro rata basis, based on the amounts those parties have paid in settlements. Moreover, the Passenger Defendants would also divide any proceeds among themselves.

Great Lakes/Raytheon and the Passenger Defendants also acknowledge that Winkelmann is entitled to a share of the interpleader funds. At the hearing, the attorneys for Great Lakes and Raytheon stated they would not contest Winkelmann's claim for $100,000. Moreover, the Passenger Defendants acknowledged that Winkelmann is entitled to an equal share with them in the proceeds.[8] Accordingly, the only remaining dispute is between Great Lakes/Raytheon and the Passenger Defendants. Any other party which has previously sought a portion of the funds has either abandoned its claim or reached an agreement with another party to share in any recovery.

Great Lakes and Raytheon's argument that they are entitled to the interpleader funds is based primarily on the fact those parties have incurred over $52,000,000 in damages, despite being found to be the least culpable of the parties that were determined to be negligent.[9] In an action filed by the Estates of Reinwald and Brooks in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, a jury determined that Great Lakes

---

6. As of August 31, 2003, the total balance of the account was $1,182,355.44.

7. Brooks was a passenger, crew member, or co-pilot on the King Air aircraft. At the time of the hearing, an appeal was pending in the Illinois Appellate Court for the Fifth District on the issue of Brooks' contributory negligence. Winkelmann contested the finding that Brooks was 20% contributorily negligent, because Neil Reinwald was the pilot in command of the one-pilot aircraft. That appeal is not pertinent to this action.

8. In either case, Winkelmann's share would be about the same. Pursuant to the aircraft hull and liability policy, the liability per passenger was limited to $100,000.

9. Great Lakes has paid over $44,000,000 in settlement of the claims brought by the estates of passengers onboard the Great Lakes aircraft on behalf of all Defendants; Raytheon contributed $8,000,000 toward the settlement of those claims.

was 15% liable for the crash. The jury also determined that Neal Reinwald, as the pilot in command of the Beech King Air aircraft, was 65% liable and Brooks was 20% liable.[10] Raytheon has not been adjudged to have any liability for the crash.[11]

Following the jury verdict of $3,500,000, Great Lakes received a judgment on its contribution claims against Defendants Clarkson and Imber, in an amount corresponding to 65% (the percentage of fault allocated by the jury to Reinwald) of all amounts paid by Great Lakes in settlement of the claims brought by the estates of passengers on the Great Lakes aircraft. Based on the judgment on its contribution claims against Defendants Clarkson and Imber, Great Lakes asserts that it is a judgment creditor against the interpleader funds in the amount of $28,600,000, which represents 65% of the $44,000,000 that it has paid in settlement of the claims. Pursuant to the same analysis, Raytheon contends it is a judgment creditor against the funds in the amount of $5,200,000, which represents 65% of the $8,000,000 it has paid. Neither Great Lakes nor Raytheon has received any amount in satisfaction of its judgment. Accordingly, those parties claim they are entitled to the interpleader funds.

The Passenger Defendants contend that while there are several possible tortfeasor groups in this action, they are the only blameless group that is seeking a portion of the interpleader funds. They further assert that because Great Lakes' settlement agreement with Reliance did not release Reliance from liability, Great Lakes is not entitled to contribution from Reliance pursuant to the Illinois Joint Tortfeasor Contribution Act. Additionally, the Passenger Defendants assert that even if Great Lakes has a right to contribution,

the state court judgment that it relies on is not binding on them. For these reasons and because they are the only blameless parties in this action, the Passenger Defendants contend that the interpleader funds should be divided among themselves.

## III. ANALYSIS

The Court recognizes that no amount of money can compensate the Passenger Defendants for the loss of their loved ones in the tragedy which occurred on November 19, 1996. Similarly, there is no question that the families of the other individuals who died in the plane collision suffered an unimaginable loss. The Court is certainly mindful of the sense of loss of all of the families that lost loved ones. In apportioning the interpleader funds, however, the Court will attempt to do that which is most equitable.

■ Relying on the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, the Passenger Defendants contend that because Great Lakes' settlement agreement with Reliance did not release Reliance from liability, Great Lakes is not entitled to contribution from Reliance. The pertinent part of that statute provides:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consider-

---

10. The verdict as to Brooks has been appealed.

11. Raytheon was not involved in the underlying action in St. Clair, County.

ation actually paid for it, whichever is greater.

740 ILCS 100/2(c). The Illinois Joint Tortfeasor Act further provides, "A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." 740 ILCS 100/2(e). As Great Lakes and Raytheon note, however, Reliance was not a tortfeasor. Rather, that former party merely served as the insurer for the Beech King Air aircraft. Moreover, Reliance was discharged from any further liability when it was dismissed from this action.

Accordingly, the Passenger Defendants' argument that Great Lakes is not entitled to contribution from Reliance because its settlement agreement did not release Reliance from liability is without merit. To the extent that the Passenger Defendants argue that the owners of the insured aircraft, Clarkson and Imber, are tortfeasors whose liability has not yet been extinguished, those parties were released from further liability in consideration of the settlement payments in excess of $52,000,000.

At the status hearing, the Passenger Defendants argued that Great Lakes and Raytheon are not entitled to contribution unless those parties have extinguished their liability to the Passenger Defendants. This raises the question of precisely what would constitute extinguishing the liability of Great Lakes and Raytheon. Collectively, those two parties have paid in excess of $52,000,000 thus far. The fact that the Passenger Defendants reserved their rights to recover against the interpleader funds does not necessarily mean that Great Lakes and Raytheon have not extinguished their liability. Great Lakes and Raytheon also reserved their rights to the interpleader funds.

■ The Passenger Defendants also contend that Great Lakes should be precluded from receiving any of the interpleader funds on the basis of the equitable doctrine of unclean hands. Specifically, Great Lakes was adjudged in an underlying action to be 15% liable for the accident. Although there has been no finding that Raytheon was at all liable, the Passenger Defendants suggested at the hearing that the Court could conduct a mini-trial on that party's liability. The Court declined to conduct such a proceeding. It is worth noting, however, that the accident report of the National Transportation Safety Board ("NTSB") indicated that the "failure of the air stair door on the Beech 1900C to open" contributed to the severity of the accident. However, the findings of the NTSB made clear that pilot error was the primary cause of the accident.[12]

"[I]t is an equitable maxim that a party coming before a court in equity must come with clean hands." *Anweiler v. American Electric Power Service Corp.,* 3 F.3d 986, 993 (7th Cir.1993). The Court concludes, however, to the extent that Great Lakes and/or Raytheon have unclean hands, that factor is more than offset by the fact that those parties have paid settlements which greatly exceed whatever degree of fault either party bears for the accident.

---

12. The NTSB determined that the probable cause of the accident was the "failure of the pilots in the King Air A90 to effectively monitor the common traffic advisory frequency or to properly scan for traffic, resulting in their commencing a takeoff roll when the Beech 1900C (United Express flight 5925) was landing on an intersecting runway." The NTSB further found:

Contributing to the cause of the accident was the Cherokee pilot's interrupted radio transmission, which led to the Beech 1900C pilots' misunderstanding of the transmission as an indication from the King Air that it would not take off until after flight 5925 had cleared the runway.

Moreover, the status of Great Lakes and Raytheon as judgment creditors cannot be overlooked. Great Lakes and Raytheon are judgment creditors against the interpleader funds in the combined amount of $33,800,000. Great Lakes and Raytheon are the only parties to this action that have not received any form of compensation for their losses. The status of Great Lakes and Raytheon as deep-pocketed Defendants should not preclude those parties from receiving a relatively small fraction of the amount to which they are entitled. Because the Passenger Defendants have received in excess of $52,000,000 in settlement of their claims, the Court concludes that Great Lakes and Raytheon should have priority over any non-judgment creditors to the interpleader funds.

## IV. CONCLUSION

Consequently, the Court concludes that the equities favor allowing Great Lakes and Raytheon to share in the interpleader funds on a pro rata basis pursuant to the agreement of those parties, after those parties first allocate to Defendant Rita Winkelmann that portion of the funds to which Great Lakes and Raytheon acknowledge she is entitled, as the personal representative of the estate of Laura Brooks. Accordingly, the Court will direct that the $1,000,000 plus interest deposited in the business savings account at National City Bank be awarded to Great Lakes and Raytheon to be apportioned in a manner consistent with this Opinion and Order.

*Ergo*, the petition of Defendants Great Lakes Aviation and Raytheon Aircraft Company for apportionment of the interpleader funds is ALLOWED.

The Clerk of Court is DIRECTED to withdraw the funds which were deposited in an insured, interest-bearing strategic business savings account at National City Bank, One Old Capitol Plaza, Springfield, IL 62701. IT IS FURTHER ORDERED that the clerk deduct the registry fee equal to ten percent (10%) of the interest earned on the account while it was invested. The Clerk of Court will forward to Great Lakes Aviation the principal sum of $1,000,000, plus interest which has accrued to date. Great Lakes will then forward the sum of $100,000 to Defendant Rita Winkelmann, before apportioning the balance on a pro rata basis with Raytheon Aircraft Company, pursuant to the agreement of those parties.

The petition to allocate the interpleader funds for the exclusive benefit of the Passenger Defendants is DENIED.

The petition of Defendant Sandra McCombs to allocate the interpleader funds is DENIED.

The Clerk of Court will enter judgment accordingly.